UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES W. HAWKINS &
LORI JO HAWKINS,

   Appellants,

Dist. Ct. Civil Action
6:07-CV-0766 (LEK)

-against-

CHAPTER 11 TRUSTEE,

   Appellee.

IN RE RESERVE CAPITAL CORP. &
TIOGA PARK, LLC.,

Bankr. Case No. 03-60071-6

   Debtors.

**DECISION AND ORDER**

   The Court has received a mandate from the Court of Appeals for the Second Circuit in the above captioned matter. Dkt. No. 23. Therein, the Second Circuit reviewed the Court's November 7, 2007 Order (Dkt. No. 6) denying Debtors' Motion for reconsideration (Dkt. No. 8) of a prior Order dismissing Debtors' appeal for failure to comply with Bankruptcy Rule 8006. (Dkt. No. 2). By the Mandate, issued October 28, 2008, the Second Circuit vacated this Court's November 7 Order and remanded for further proceedings.

   The Court notes that following the Motion for reconsideration, Debtors filed a "Designation of Appellant." Dkt. No. 5. Debtors are instructed, however, that Federal Rule of Bankruptcy Procedure 8006 required them, "[w]ithin 10 days after filing the notice of appeal . . . [to] file with the clerk and serve on the appellee a designation of the items to be included in the

record on appeal and a statement of the issues to be presented." Accordingly, the "Designation of Appellant" filed on August 6, 2007 is insufficient.

Appellants are directed to fully comply with Bankruptcy Rule 8006 **within twenty (20) days from the date of this Order**, or to otherwise explain, in a written submission to the Court, why the instant appeal should not be dismissed for noncompliance with Rule 8006. Once Appellants comply, the Court will issue a Scheduling Order.

If Appellants do not comply with Bankruptcy Rule 8006 after 20 days, the Court will then determine, based on the materials before it at that time, whether dismissal or another sanction for Appellant's noncompliance is appropriate. Appellants are warned that if they fail to comply or respond within 20 days, or if the Court finds that the offered explanation lacks merit, they may face dismissal of this action without further notice from the Court. See In re Harris, 464 F.3d 263, 272-273 (2d Cir. 2006) ("district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct. Based on that explanation, the court can then determine the appropriate sanction and articulate its reasons for selecting its chosen course of action.") (quoting English-Speaking Union v. Johnson, 353 F.3d 1013, 1022 (D.C. Cir. 2004)). See also Lynch v. United States (In re Lynch), 430 F.3d 600, 604-05 (2d Cir. 2005) (noting that the filing requirement under Rule 8006 is "quite clear").

Accordingly, it is hereby

**ORDERED**, that Debtors shall comply, within **twenty (20) days** from the date of this Order, with Federal Rule of Bankruptcy Procedure 8006, or otherwise explain, in a written

submission to the Court, why the instant appeal should not be dismissed for noncompliance with Rule 8006; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     November 24, 2008
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge